**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 15, 2020[*]
Decided October 21, 2020

**Before**

JOEL M. FLAUM, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 20-1797

| | |
|---|---|
| CRYSTAL HOLTZ, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | 19-C-1682 |
| ONEIDA AIRPORT HOTEL CORPORATION, et al., *Defendants-Appellees*. | William C. Griesbach, *Judge*. |

**O R D E R**

After she was fired from her job at an Oneida Nation-owned hotel, Crystal Holtz, an Oneida Nation member, sued her former employer in state court for various federal, state, and tribal law claims. Defendants removed the case to federal court. The district court then dismissed the suit based on the doctrine of tribal sovereign immunity and,

---

[*] We have agreed to decide the case without oral argument because the brief and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

alternatively, Holtz's failure to state a claim upon which relief could be granted. We affirm, though on the alternative basis that Holtz failed to state a claim.

In her amended complaint, filed in state court, Holtz alleged essentially that the defendants, Oneida Airport Hotel Corporation, Aimbridge Hospitality, and two high-ranking hotel officers, conspired to wrongfully terminate her from her job in violation of the Indian Civil Rights Act. *See* 42 U.S.C. § 1983; *id.* § 1985; 25 U.S.C. § 1302. She says that she was escorted out of the hotel by security personnel who suspected her of drinking alcohol based on her "droopy" eyes and "flushed" face. Shortly after the incident, she was fired. Holtz believes she was singled out for punishment, since the hotel does not set forth the specific protocol for drug-and-alcohol screening in its employee handbook. She also asserted that the defendants relocated her job to another organization to thwart the hiring and promotion of Oneida Nation members.

The defendants moved to dismiss the complaint on the ground that it was blocked by tribal sovereign immunity. The defendants argued that Oneida Airport Hotel Corporation was a tribal entity and thus "cloaked" with the same immunity of the tribe itself. In the alternative, the defendants argued that Holtz failed to state a claim.

Holtz did not file anything in opposition to the motion to dismiss, but she did move to overturn the removal order on the grounds that her case had been removed in bad faith and that her wrongful termination claim arose under state, not federal law. *See, e.g., Strozinsky v. Sch. Dist. of Brown Deer*, 614 N.W.2d 443 (Wis. 2000).

The district court granted the motion to dismiss. At the outset, the court dispatched Holtz's opposition to removal, finding "no doubt" that her amended complaint sought to state federal claims under its jurisdiction. Next, the court, noting that Holtz's failure to respond to the motion was itself grounds for dismissal, *see* E.D. Wis. Civ. L. R. 7(d) ("Failure to file a memorandum in opposition to a motion is sufficient cause for the Court to grant the motion."), listed other grounds for dismissal. First, her federal and state claims were barred by tribal sovereign immunity: The Oneida Airport Hotel Corporation (doing business as Radisson Hotel and Conference Center of Green Bay) was owned and operated by the Oneida Nation, a federally recognized Indian tribe. Second, even if the defendants were not immune, the court added, Holtz's complaint would be dismissed for failure to state a federal claim.

On appeal, Holtz challenges the district court's sovereign immunity analysis, which she faults for not ascertaining Oneida Airport Hotel Corporation's "true identity" through the "arm of the tribe" test. Had the court more thoroughly evaluated these factors, Holtz maintains, it would have determined that the defendants were not entitled to tribal sovereign immunity because the hotel is in fact a for-profit corporation operating under a board of directors. And if the hotel is not entitled to sovereign immunity, she continues, it follows that the other defendants—the hotel management company Aimbridge Hospitality, Hotel President Robert Barton, and Hotel General Manager and Aimbridge employee Steve Ninham—are also not entitled to sovereign immunity.

We have not yet had occasion to consider the application of the "arm of the tribe" test, and we decline to apply it here given the thin record and the availability of another basis upon which to resolve this appeal. Even if we set aside the question of the defendants' sovereign immunity, the district court set forth a persuasive alternative analysis that Holtz's complaint must be dismissed for failure to state a claim. Holtz says nothing about this alternative analysis in her brief on appeal, and an appellant's failure to address a district court's alternative holding on an issue waives any challenge to that holding. *United States v. Fuchs*, 635 F.3d 929, 933–34 (7th Cir. 2011).

As the district court explained, Holtz's amended complaint failed to state a federal claim. With regard to Holtz's § 1983 claim, alleging violations under the Fifth and Fourteenth Amendments, the court correctly concluded that none of the defendants were persons acting under color of state law. When they are enforcing tribal laws or managing tribal affairs, neither tribal officers and agents nor private corporations act under color of state law. *R.J. Williams Co. v. Fort Belknap Hous. Auth.*, 719 F.2d 979, 982 (9th Cir. 1983); *Burrell v. Armijo*, 456 F.3d 1159, 1174 (10th Cir. 2006); *West v. Atkins*, 487 U.S. 42, 55–56 (1988); *Spencer v. Lee*, 864 F.2d 1376, 1378–82 (7th Cir. 1989) (en banc).

As for Holtz's § 1985 claim, alleging that the defendants conspired to discharge her in order to avoid tribal laws, this too is insufficient. To state a claim under § 1985(3), Holtz must allege, among other things, a conspiracy to deprive "a person or class of persons of equal protection of the laws." *Brokaw v. Mercer Cty.*, 235 F.3d 1000, 1024 (7th Cir. 2000). Holtz's allegations amount to a conspiracy to wrongfully terminate her employment in order to avoid tribal laws. This does not amount to a plausible allegation of an equal protection violation. In addition, Holtz did not identify any right independently secured by state or federal law to serve as a predicate for a claim under § 1985(3). *Great Am. Fed. Sav. & Loan Ass'n v. Novotny*, 442 U.S. 366, 376 (1979) ("Section

1985(3) … *creates* no rights."). Holtz suggests such a right under the Oneida Nation Constitution, but this does not implicate any state or federal right. Holtz also fails to state a claim under the Indian Civil Rights Act, 25 U.S.C. § 1302, which prohibits tribal governments from passing or enforcing laws that violate certain individual rights. But the Act does not create an independent private right of action in federal court. *See Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 64 (1978); *Akins v. Penobscot Nation*, 130 F.3d 482, 486 (1st Cir. 1997) ("With the exception of petitions for habeas corpus relief, Congress did not intend in the ICRA to create implied causes of action to redress substantive rights in federal court."). And regarding her claim under the Oneida Nation's Constitution or laws, any asserted violations fall outside the jurisdiction of federal courts. *See Runs After v. United States*, 766 F.2d 347, 352 (8th Cir. 1985); *Alto v. Black*, 738 F.3d 1111, 1123 n.9 (9th Cir. 2013).

We have considered Holtz's remaining arguments and found them without merit.

AFFIRMED